KYH
LLR: USAO 2025R00660

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. _ABA 26cr112_ |
| v. | * | |
| | * | (Possession of Firearms and |
| AMOS COLLINS, | * | Ammunition by a Prohibited Person, |
| | * | 18 U.S.C. § 922(g)(1); Possession with |
| Defendant. | * | Intent to Distribute Controlled |
| | * | Substances, 21 U.S.C. § 841(a)(1); |
| | * | Forfeiture, 18 U.S.C. § 924(d), 21 |
| | * | U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Possession of Firearms and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about November 20, 2025, in the District of Maryland, the Defendant,

### AMOS COLLINS,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, to wit, a Fire Storm BERSA .22 caliber firearm, bearing serial number 690884, approximately four (4) rounds of .22 caliber ammunition; a Smith & Wesson M&P Shield 9mm firearm, bearing serial number HDC3411, and approximately eleven (11) rounds of 9mm ammunition; approximately eighteen (18) rounds of .380 caliber ammunition; approximately two (2) rounds of .32 caliber ammunition; and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT TWO

**(Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about November 20, 2025, in the District of Maryland, the Defendant,

## AMOS COLLINS,

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propenamide, commonly referred to as fentanyl, a schedule II controlled substance; and a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One or Two of this Indictment.

### Narcotics Forfeiture

2.      Upon conviction of the offense alleged in Count Two of this Indictment, the Defendant,

### AMOS COLLINS,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and

   b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense.

### Firearms and Ammunition Forfeiture

3.      Upon conviction of the offenses alleged in Count One of this Indictment, the Defendant,

### AMOS COLLINS,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense.

**Property Subject to Forfeiture**

4.      The property to be forfeited includes, but is not limited to:

      a.  a Fire Storm BERSA .22 caliber firearm, bearing serial number 690884;

      b.  approximately four (4) rounds of .22 caliber ammunition contained therein;

      c.  a Smith & Wesson M&P Shield 9mm firearm, bearing serial number HDC3411;

      d.  approximately eleven (11) rounds of 9mm ammunition contained therein;

      e.  approximately eighteen (18) rounds of .380 caliber ammunition; and

      f.  approximately two (2) rounds of .32 caliber ammunition.

**Substitute Assets**

5.      If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third person;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Kelly O. Hayes
United States Attorney

4

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

March 26, 2026

Date